JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JAFAR TSOULI MOUFID

**(b)** County of Residence of First Listed Plaintiff: CHESTER
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DAVIS CONSUMER LAW FIRM, 2300 COMPUTER ROAD, SUITE G39 WILLOW GROVE, PA 19090

## DEFENDANTS
FINANCIAL RECOVERY SERVICES, INC

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
HYNUM LAW, 2608 N 3RD ST, PO BOX 5620, HARRISBURG, PA 17110

## II. BASIS OF JURISDICTION
☒ 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)*

## IV. NATURE OF SUIT
☒ 480 Consumer Credit

## V. ORIGIN
☒ 2 Removed from State Court

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: 15 USC 1692
Brief description of cause: ALLEGED VIOLATIONS OF THE FDCPA

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: ☒ No

DATE: 02/21/2020

SIGNATURE OF ATTORNEY OF RECORD

85692  FEB 25 2020

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

20    1105

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __7239 OAKLAND STREET, PHILADELPHIA, PA 19149__

Address of Defendant: __4510 W 7TH ST, SUITE 200, EDINA, MN 55435__

Place of Accident, Incident or Transaction: __CHESTER COUNTY AND/OR PHILADELPHIA, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [ ]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [ ]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [ ]

I certify that, to my knowledge, the within case [ ] is / [x] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __02/21/2020__   _/s/ signature_   Attorney I.D. #: __85692__
   *Attorney-at-Law / Pro Se Plaintiff*   *(if applicable)*

---

**CIVIL:** (Place a ✓ in one category only)

**A.   Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
   *(Please specify):* __FAIR DEBT COLLECTION__

**B.   Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: _____   _Sign here if applicable_   Attorney I.D. # *(if applicable)*
   *Attorney-at-Law / Pro Se Plaintiff*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

FEB 25 2020



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| JAAFAR TSOULI MOUFID<br>v.<br>FIN ANCI AL RECOVERY SERVICES, INC. | CIVIL ACTION<br><br>NO: 20  1105 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 2/21/2020 | _signature_ | Financial Recovery Services, Inc. |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (717) 774-1357 | (717) 274-0788 | mbynum@bynumpc.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

FEB 25 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAAFAR TSOULI MOUFID,<br><br>Plaintiff,<br><br>v.<br><br>FINANCIAL RECOVERY SERVICES, INC.,<br><br>Defendant. | Civil Action No.<br><br>20   1105 |

### PETITION FOR REMOVAL OF CIVIL ACTION

PLEASE TAKE NOTICE that Defendant, Financial Recovery Services, Inc. ("Defendant") hereby removes to this Court the state court action described below.

1. On January 21, 2019, Plaintiff Jaafar Tsouli Moufid ("Plaintiff") filed an action in the Court of Common Pleas of Chester County, Pennsylvania, entitled and captioned: *Jaafar Tsouli Moufid v. Financial Recovery Services, Inc.* assigned Case No. 2019-670-MJ

2. Plaintiff's Complaint was served upon Defendant on February 3, 2020.

3. The following pleadings have been filed in this action to date and attached hereto as Exhibit "A":

    (a) Plaintiff's Complaint.

    (b) Notice to Defend.

    (c) Civil Cover Sheet.

    (d) Cover Sheet.

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Defendant pursuant to the

FEB 25 2020

provisions of 28 U.S.C. §1441(b) in that it arises under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*

5. The Court of Common Pleas of Chester County, Pennsylvania, is located within the jurisdiction of the United States Court for the Eastern District of Pennsylvania. This court is the court embracing the place where the action is pending.

6. This Complaint is removable to the United States District Court for the Eastern District of Pennsylvania, from the Court of Common Pleas of Chester County, Pennsylvania, pursuant to 28 U.S.C. §1331 and §1441.

7. The Complaint alleges the action is brought under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* As such, this court has Federal Question jurisdiction over this action pursuant to 28 U.S.C. §1331.

8. This Notice of Removal is being filed within 30 days of the date upon which Defendant received a copy of the Plaintiff's Complaint.

9. Pursuant to 28 U.S.C. §1446(b), Notice of Removal "shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

10. Concurrently, Defendant has provided written notice of this Petition for Removal to Plaintiff's counsel, filing a copy with the Court of Common Pleas of Chester County, Pennsylvania, as required by 28 U.S.C. §1446(d).

WHEREFORE, Defendant removes to this Court the above-entitled action, now pending in the Court of Common Pleas of Chester County, Pennsylvania, and request that this action be placed on the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

February 21, 2020

Respectfully submitted,

/s/ Michael A. Hynum
Michael A. Hynum, Esquire
Hynum Law
PA Supreme Court ID #85692
2608 North 3rd Street
Harrisburg, PA 17110
(717) 774-1357
Fax: (717) 774-0788
*Attorneys for Defendant Financial Recovery Services, Inc.*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Petition for Removal of a Civil Action has been served upon the following known counsel of record this 21st day of February, 2020, via electronic mail and/or United States First-Class mail, postage prepaid:

> Fred Davis, Esq.
> Davis Consumer Law Firm
> 2300 Computer Road, Suite G39
> Willow Grove, PA 19090
> fdavis@usacreditlawyer.com
> **(Counsel for Plaintiff)**

/s/ Michael A. Hynum
Michael Hynum, Esq.

4



**EXHIBIT A**



## Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
## <u>CHESTER</u> County

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

| Commencement of Action | |
|---|---|
| ✔ Complaint    __ Writ of Summons    __ Petition | |
| __ Transfer from Another Jurisdiction    __ Declaration of Taking | |

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| JAAFAR TSOULI MOUFID | FINANCIAL RECOVERY SERVICES, INC. |
| Are money damages requested? ✔ Yes __ No | Dollar Amount Requested: ✔ Within arbitration limits<br>(check one) __ outside arbitration limits |
| Is this a Class Action Suit? __ Yes ✔ No | Is this an MDJ Appeal? __ Yes ✔ No |

Name of Plaintiff/Appellant's Attorney: fred e davis, iv

__ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your PRIMARY CASE. If you are making more than one type of claim, check the one that you consider most important.

| TORT (do not include Mass Tort) | CONTRACT (do not include Judgments) | CIVIL APPEALS |
|---|---|---|
| __ Intentional | __ Buyer Plaintiff | Administrative Agencies |
| __ Malicious Prosecution | __ Debt Collection: Credit Card | __ Board of Assessment |
| __ Motor Vehicle | __ Debt Collection: Other | __ Board of Elections |
| __ Nuisance | __ Employment Dispute: Discrimination | __ Dept. of Transportation |
| __ Premises Liability | __ Employment Dispute: Other | __ Statutory Appeal: Other |
| __ Product Liability (does not include mass tort) | __ Other | __ Zoning Board |
| __ Slander/Libel/Defamation | | __ Other: |
| __ Other: | | |

| MASS TORT | REAL PROPERTY | MISCELLANEOUS |
|---|---|---|
| __ Asbestos | __ Ejectment | __ Common Law/Statutory Arbitration |
| __ Tobacco | __ Eminent Domain/Condemnation | __ Declaratory Judgement |
| __ Toxic Tort - DES | __ Ground Rent | __ Mandamus |
| __ Toxic Tort - Implant | __ Landlord/Tenant Dispute | __ Non-Domestic Relations |
| __ Toxic Waste | __ Mortgage Foreclosure: Residential | __ Restraining Order |
| __ Other: | __ Mortgage Foreclosure: Commercial | __ Quo Warranto |
| | __ Partition | __ Replevin |
| PROFESSIONAL LIABILITY | __ Quiet Title | ✔ Other: |
| __ Dental | __ Other: | |
| __ Legal | | |
| __ Medical | | |
| __ Other Professional | | |

2020-00670-MJ

**Chester County**
**Court of Common Pleas** | Docket No:
**Cover Sheet** | 2020-00670-MJ

| Plaintiff(s): (Name, Address) | Plaintiff's/Appellant's Attorney(circle one) |
|---|---|
| JAAFAR TSOULI MOUFID | (Name, firm, address, telephone and attorney ID#) |
| | **fred e davis, iv** |
| | (855) 432-8475 davis consumer law firm attorney ID#: 093907 |
| | 2300 Computer Rd Suite G39 Willow Grove, PA 19090 |
| Defendant(s): (Name, Address) | Are there any related cases? Please provide case nos. |
| FINANCIAL RECOVERY SERVICES, INC. | |

Defendants who are proceeding without counsel are strongly urged to file with the Prothonotary a written statement of an address AND a telephone number at which they can be reached

Commencement of Action (if applicable): __ Agreement for an Amicable Action __ Motion to Confirm Arbitration Award
Notice of Appeal

If this is an appeal from a Magisterial District Judgement, was appellant __ Plaintiff or __ Defendant in the original action?

Jury Trial Demanded    Yes   ✓ No

Nature of case if not on previous cover sheet - Please choose the most applicable

| | |
|---|---|
| __ Annulment | __ Writ of Certiorari |
| __ Custody - Conciliation Required | __ Injunctive Relief |
| __ Custody - Foreign Order | __ Mechanics Lien Claim |
| __ Custody - No Conciliation Required | __ Issuance of Foreign Subpoena |
| __ Divorce - Ancillary Relief Request | __ Name Change |
| __ Divorce - No Ancillary Relief Requested | __ Petition for Structured Settlement |
| __ Foreign Divorce | |
| __ Foreign Protection from Abuse | |
| __ Paternity | |
| __ Protection from Abuse | |
| __ Standby Guardianship | |

**Arbitration Cases Only**

| Arbitration Date | 2020-07-31 |
|---|---|
| Arbitration Time | 09:00:00 |

Defendants are cautioned that the scheduling of an arbitration date does not alter the duty of the defendant to respond to the complaint and does not prevent summary disposition form occurring prior to the arbitration date.
This matter will be heard by a Board of Arbitrators at the time and date specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a decision entered by a judge.

**Notice of Trial Listing Date**
Pursuant to C.C.R.C.P. 249.3, if this case is not subject to compulsory arbitration it will be presumed ready for trial twelve (12) months from the date of the initiation of the suit and will be placed on the trial list one (1) year from the date the suit was filled unless otherwise ordered by the Court.

To obtain relief from automatic trial listing a party must proceed pursuant to C.C.R.C.P. 249.3(b), request an administrative conference and obtain a court order deferring the placement of the case on the trial list until a later date.

**File with:** Chester County Justice Center, Prothonotary Office, 201 W. Market St., Ste. 1425, PO Box 2746, West Chester, PA 19380-0989

2020-00670-MJ

| | |
|---|---|
| Fred Davis, Esq.<br>Identification No. 93907<br>DAVIS CONSUMER LAW FIRM<br>2300 Computer Rd.-Ste G39<br>WILLOW GROVE, PA   19090<br>(T)1-855-432-8475/(F)1-855-435-9294<br>fdavis@usacreditlawyer.com | ATTORNEY FOR PLAINTIFF<br><br>THIS IS AN ARBITRATION MATTER<br>ASSESSMENT OF DAMAGES<br>HEARING IS REQUESTED. |
| JAAFAR TSOULI MOUFID<br>7239 Oakland St.<br>Philadelphia, PA<br>19149<br><br>*Plaintiff*<br><br>v.<br><br>FINANCIAL RECOVERY SERVICES INC.<br>4510 W. 77th St.-Suite 200<br>Edina, MN<br>55435<br><br>*Defendant* | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br><br>CIVIL ACTION<br><br><br>DOCKET NO.: |

## NOTICE TO DEFEND
## CODE: 1900

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**CHESTER COUNTY BAR ASSOCIATION-LAWYER REFERRAL & INFO SERVICE**

Chester Bar Association
15 W Gay St #2,
West Chester, PA
19380

2020-00670-MJ

Phone: (610) 692-1889
**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**SERVICIO DE REFERENCIA LEGAL**
Colegio de Abogados de Chester
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889

2020-00670-MJ

| | |
|---|---|
| Fred Davis, Esq.<br>Identification No. 93907<br>DAVIS CONSUMER LAW FIRM<br>2300 Computer Rd.-Ste G39<br>WILLOW GROVE, PA  19090<br>(T)1-855-432-8475/(F)1-855-435-9294<br>fdavis@usacreditlawyer.com | ATTORNEY FOR PLAINTIFF <br><br>THIS IS AN ARBITRATION MATTER<br>ASSESSMENT OF DAMAGES<br>HEARING IS REQUESTED. |
| JAAFAR TSOULI MOUFID<br>7239 Oakland St.<br>PHILADELPHIA, PA<br>19149<br><br>*Plaintiff*<br><br>v.<br><br>FINANCIAL RECOVERY SERVICES INC.<br>4510 W. 7th St.-Suite 200<br>EDINA, MN<br>55435<br><br>*Defendant* | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br>CIVIL ACTION<br><br>DOCKET NO.: |

## COMPLAINT

1. Plaintiff, JAAFAR TSOULI MOUFID, is an adult individual citizen and legal resident of the State of Pennsylvania, living at 7239 Oakland St., Philadelphia, PA, 19149.

2. Defendant, FINANCIAL RECOVERY SERVICES INC., is a business corporation qualified to and regularly conducting business in the Commonwealth of Pennsylvania, with its legal residence and principal place of business at 4510 W. 7th St.-Suite 200, EDINA, MN 55435. Defendant can be served at that address.

3. Plaintiff avers that at all times material hereto, Defendant acted by and through its authorized agents, servants, officers, and/or employees, including Defendant, all of whom were acting within the scope of their employment.

2020-00670-MJ

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction".

5. Defendant regularly conducts business in the State of Pennsylvania and in the County of Chester, therefore, personal jurisdiction is established.

6. Venue is proper in Chester County pursuant to Pennsylvania Rule(s) of Civil Procedure §§ 1006 and 2179.

7. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person residing in Phila., PA. Some/all of the transactions comprising the alleged debt occurred in Chester County.

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The transactions comprising the alleged debt were for consumer related purchases, such as household hoods, food, clothing, etc.

9. Defendant, FINANCIAL RECOVERY SERVICES INC., is a company handling debt collection matters with headquarters located at 4510 W. 7th St.-Suite 200, EDINA, MN 55435.

11. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff, as the alleged debt in questions stems from the acquisition of personal goods and services, such as household items, clothing, groceries, etc.

2020-00670-MJ

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Throughout the past year, Defendant has contacted Plaintiff attempting to collect a debt it alleges originated with "BARCLAYS BANK DELAWARE" in the amount of $7,603.00.

14. Plaintiff alleges and avers that Defendant contacted Plaintiff at irregular times and places, and often times hung up before identifying itself, only to call right back, in violation of 15 U.S.C. §§ 1692c(a)(1) and d.

15. Plaintiff alleges and avers that Defendant sought to collect amounts comprised largely of improper fees and/or interest, and Defendant's collection efforts were thus in violation of 15 U.S.C. §§1692e and f.

16. Plaintiff alleges and avers that Defendant's collection efforts are not authorized by a written agreement between Plaintiff and the alleged original creditor, in violation of 15 U.S.C. §§ 1692e(2) and f(1).

17. Plaintiff alleges and avers that Defendant is not authorized to collect debts in Pennsylvania, and Defendant thereby violated 15 U.S.C. §§ 1692e(2) and f(1).

18. Plaintiff alleges and avers that no debt is/was owed to "BARCLAYS BANK DELAWARE" (an alleged original creditor), and Defendant's attempt to collect the alleged debt from Plaintiff is unauthorized by law and/or contract, and Defendant's conduct is thereby in violation of 15 U.S.C. § 1692f(2).

19. Plaintiff alleges and avers that Defendant failed to inform Plaintiff of his rights to dispute the alleged debt, in violation of 15 U.S.C. § 1692g.

2020-00670-MJ

20. Plaintiff alleges and avers that refers to multiple "original" creditors in an effort to mislead Plaintiff ("current creditor" and "regarding", each referring to different financial institutions) when in reality there is no credible proof of any account or any assignment of and account between Plaintiff and either alleged creditor, and Defendant thereby violated 15 U.S.C. §§1692e(2) and f(1).

21. Plaintiff alleges and avers that Defendant's letter lists addresses in different states- California and Minneapolis-in an attempt to confuse Plaintiff, and it's letter thus violates 15 U.S.C. §1692e.

### COUNT I
### THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

22. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

    b. Using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

    c. Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

    d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, JAAFAR TSOULI MOUFID, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the

FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## COUNT TWO
## THE PENNSYLVANIA UNFAIR TRADE PRACTICES ACT AND CONSUMER PROTECTION LAW ("UFTPL")

23. Plaintiff hereby incorporates all facts and allegations specified in paragraphs above, by reference as if fully set forth at length.

24. Plaintiff is a "Person" as defined by 73 P.S. § 201-2(2).

25. Defendant is a "Person(s)" as defined by 73 P.S. § 201-2(2).

26. The Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. § 201-2(4), defines "unfair or deceptive acts or practices" to include the following:

(a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(b) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;

(c) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding;

(d) Any violation of 73 Pa. Cons. Stat. Ann. § 2270.

27. Plaintiff alleges and avers that Defendants violated the Act by misrepresenting that any debt was owed, and further by claiming that improper fees and exorbitant charges were part of the alleged debt, and that Defendant's conduct complained of herein paragraphs amounts to violations of the Fair Credit Uniformity Extension Act, 73 Pa. C.S. § 2270, *et seq*, and is thus a concomitant violation of the Unfair Trade Practices Act.

28. Plaintiff alleges and avers that Defendant violated the Act by misrepresenting that any debt was owed, and further by claiming that improper fees and exorbitant charges were part of the alleged debt.

29. Plaintiff further alleges and avers that Defendant's misleading reference to account ownership, unspecified fees and interest, misreporting of credit information and misrepresentations surrounding the alleged debt was done to confuse and deceive Plaintiff into thinking the debt was legitimate, and Defendant thereby violated the Act.

30. The UTPCPL authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations, and/or $100.00 for statutory damages. Plaintiff avers entitlement to all actual and statutory damages as well as written confirmation that Defendant has properly reported to the relevant credit bureaus accurate information surrounding the invalidation of the bogus "debt", plus treble that amount, and attorney fees and costs, for Defendant's per se and statutory violations of Pennsylvania Law.

DAVIS CONSUMER LAW FIRM

By: <u>Fred Davis-PA ID# 93907</u>
Attorney for Plaintiff, JAAFAR TSOULI MOUFID
2300 Computer Rd.-Ste G39
Willow Grove, Pa 19090
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

2020-00670-MJ

## **VERIFICATION**

Fred Davis, states that he is the attorney for the Plaintiff herein; that he is acquainted with the facts set forth in the foregoing Complaint; that same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.

DAVIS CONSUMER LAW FIRM

By: <u>Fred Davis-PA ID# 93907</u>
Attorney for Plaintiff, JAAFAR TSOULI MOUFID
2300 Computer Rd.-Ste G39
Willow Grove, Pa 19090
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

2020-00670-MJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JAAFAR TSOULI MOUFID

V.

Financial Recovery Services, Inc.

Civil Action **20   1105**
No: _____

## DISCLOSURE STATEMENT FORM

Please check one box:

[✔]  The nongovernmental corporate party, Fin. Rec. Services, Inc.
, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

[ ]  The nongovernmental corporate party, _____
, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

2/21/2020
Date

Signature

Counsel for: Financial Recovery Services, Inc.

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
 (a) WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file two copies of a disclosure statement that:
  (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or
  (2) states that there is no such corporation.

 (b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:
  (1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
  (2) promptly file a supplemental statement if any required information changes.

FEB 25 2020